**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FirstEnergy Pennsylvania Electric Company, d/b/a Metropolitan Edison Company, and FirstEnergy Services Company<br><br>Plaintiffs,<br><br>vs.<br><br>International Brotherhood of Electrical Workers, Local Union 777, AFL-CIO<br><br>Defendant. | ) | CASE NO. 1:24-CV-01687<br><br>JUDGE JENNIFER P. WILSON<br><br>**JOINT STATUS REPORT** |

Plaintiffs FirstEnergy Pennsylvania Electric Company d/b/a Metropolitan Edison Company and FirstEnergy Services Company, and Defendant International Brotherhood of Electrical Workers, Local Union 777, AFL-CIO, by counsel, met and conferred on and jointly submit this report.

**1. Principal Issues**

**1.1 Separately for each party, please give a statement summarizing this case:**

Plaintiffs' Statement: Plaintiffs FirstEnergy Pennsylvania Electric Company d/b/a Metropolitan Edison Company ("Met-Ed") and FirstEnergy Services Company ("FE ServCo") bring this action for declaratory relief under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs seek: (1) a declaration that the dispute underlying the grievance filed by Defendant International Brotherhood of Electrical Workers, Local Union 777, AFL-CIO ("Local 777") is not arbitrable; and (2) a declaration that the parties' collective bargaining agreement ("CBA") does not provide for retiree health care benefits for employees retiring on or after January 1, 2015. As

a result of collective bargaining negotiations, the parties expressly agreed that Company contributions for retiree health care benefits would terminate on December 31, 2014. This agreement was memorialized in the 2014-2017 Stipulation of Settlement, and all subsequent CBAs—including the current 2022-2026 CBA—contain no reference to retiree health care benefits. More than nine years after retiree health care benefits ended under the CBA, Local 777 filed a grievance on behalf of a single former employee and initiated arbitration proceedings with the American Arbitration Association ("AAA"). Plaintiffs seek a stay of the AAA proceedings and a judicial determination that this dispute is not subject to arbitration.

Defendant's Statement: Defendant Local 777 is the exclusive bargaining representative of the unit at issue and is a party to a CBA with Plaintiffs. Local 777 filed a grievance arising from Plaintiffs' failure to provide retiree health care benefits to a bargaining-unit member and, when the grievance could not be resolved, submitted it to the American Arbitration Association for arbitration. Contrary to Plaintiffs' characterization, the parties did not bargain away retiree health care benefits for all bargaining-unit members. While Article XIII of the CBA does not itself reference retiree health care, the availability of those benefits for grandfathered retirees is governed by a separate memorandum of understanding that remains in effect and was carried forward through successive agreements. The 2014-2017 Stipulation of Settlement and the Plaintiffs' communications regarding the elimination of retiree health care subsidies did not extinguish the contractual entitlement preserved by the MOU, and the grievant here falls within the class of employees entitled to that benefit. The parties' bargaining history, the terms of MOU, and the parties' course of dealing establish that the grievance is meritorious and that Plaintiffs' breached the CBA by denying the grievant retiree health care benefits. As a threshold matter, Defendant seek a judicial determination that the dispute is subject to arbitration.

**1.2 The facts the parties <u>dispute</u> are as follows:** The parties dispute: (a) the scope and meaning of communications between the Company and Local 777 regarding the elimination of retiree health care subsidies; (b) the intent of the parties in negotiating the 2014-2017 Stipulation of Settlement and subsequent CBAs with respect to retiree health care benefits; and (c) the impact of a memorandum of understanding to the CBA (MOU 64) on availability of retiree healthcare benefits for grandfathered retirees.

**The facts the parties <u>agree</u> upon are as follows:** The parties agree that: (a) Met-Ed and Local 777 are parties to a collective bargaining agreement ; (b) Local 777 represents a bargaining unit of employees who provide electric distribution services to Met-Ed's customers; (c) the parties entered into a Stipulation of Settlement in 2014 modifying the CBA for the period May 1, 2014, through April 30, 2017; (d) Local 777 filed a grievance on or about June 2022 alleging Met-Ed violated the CBA by failing to provide retiree health care benefits; and (e) Local 777 submitted the grievance to the AAA on or about May 8, 2024.

**1.3 The legal issues the parties <u>dispute</u> are as follows:** The parties dispute: (a) whether the underlying grievance is substantively arbitrable; (b) whether the CBA confers authority upon an arbitrator to determine questions of substantive arbitrability; (c) whether the CBA provides for retiree health care benefits for employees who retired on or after January 1, 2015; (d) whether Local 777's grievance was timely filed within the sixty-day deadline set forth in the CBA; (e) Article XIII (Health Care and Insurances) of the CBA does not reference retiree health care benefits, and has not referenced retiree health care benefits since the stipulation of settlement extending the CBA through April 30, 2017 went into effect; and (f) the proper interpretation of the 2014-2017 Stipulation of Settlement and subsequent iterations of the CBA with respect to the elimination of retiree health care benefits.

**The legal issues the parties agree upon are as follows:** The parties agree that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The parties further agree that venue is proper in the Middle District of Pennsylvania.

**1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None.

**1.5 Identify any named parties that have not yet been served:** None.

**1.6 Identify any additional parties that Plaintiffs intends to join:** None at this time.

**Identify any additional parties that Defendant intends to join:** None.

**1.7 Identify any additional claims that Plaintiffs intends to add:** None at this time.

**Identify any additional claims that Defendant intends to add:** None.

**2. Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1 Separately for each party, list by name and title/position each person whose identity has been disclosed.**

Disclosed by Plaintiffs: None as of yet. Plaintiffs will disclose individuals with knowledge of the relevant facts within the time required by Federal Rule of Civil Procedure 26(a)(1). Plaintiffs anticipate disclosing company representatives with knowledge of the collective bargaining negotiations, the communications regarding elimination of retiree health care subsidies, and the administration of the CBA, including but not limited to representatives from Human Resources, Labor Relations, and Benefits Administration.

Disclosed by Defendant: Defendant will disclose individuals with knowledge of the relevant facts within the time required by Federal Rule of Civil Procedure 26(a)(1). Defendant anticipates disclosing current and former Union officers, business representatives, and bargaining committee members with knowledge of the negotiation of the parties' collective bargaining agreements, the 2014-2017 Stipulation of Settlement, Memorandum of Understanding 64, and the parties' bargaining history and course of dealing with respect to retiree health care benefits.

**3. Early Motions – Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|

Defendant intends on filing a motion requesting a judicial determination of the arbitrability of the instant matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, within thirty (30) days of the Scheduling Conference or October 9, 2026.

**4. Discovery**

**4.1 Briefly describe any discovery that has been completed or is in progress:**

By Plaintiffs: Plaintiffs will soon serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiffs have not yet served formal discovery requests but anticipate serving requests for production of documents, interrogatories, and requests for admission upon Defendant in due course.

By Defendant: Defendant will serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendant has not served formal discovery requests but anticipates serving requests for production of documents. interrogatories, and requests for admission.

**4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The parties agree that discovery should be conducted regarding (a) the elimination of retiree health care benefits in the 2014 - 2017 CBA; (b) communications, including the bargaining history, regarding the elimination of retiree health care benefits, and (c) negotiation of successor collective bargaining agreements as relates to the continuation or elimination of retiree health care benefits.

**4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Joint Position: At this time, neither party is aware of any discovery to which the other party is expected to object. Each party reserves the right to object to any discovery requests that are overly broad, unduly burdensome, or seek information not relevant to the claims or defenses in this matter.

**4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

Joint Position: The Parties do not seek any subject area limitations on discovery at this time. However, given the narrow legal issues presented in this declaratory judgment action, the Parties anticipate that discovery should be limited to: (a) the negotiation of the CBA provision eliminating retiree health care benefits; (b) the communications between the Company and employees/union regarding the elimination of retiree health care subsidies; (c) the circumstances surrounding Local 777's grievance; and (d) the parties' conduct under the CBA since January 1, 2015.

**4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiffs and by defendant):**

4.5.1 depositions (excluding experts) to be taken by:

Plaintiffs: 5 - 8 Defendant: 10

4.5.2 interrogatories to be served by:

Plaintiffs: 25 Defendant: 25

4.5.3 document production requests to be served by:

Plaintiffs: 30 Defendant: 30

4.5.4 requests for admission to be served by:

Plaintiffs: 20 Defendant: 20

**4.6 Discovery of Electronically Stored Information**

☑ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5. Protective Order**

**5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

Joint Position: The Parties do not anticipate the need for a protective order at this time. However, the Parties reserve the right to seek entry of a protective order if the parties exchange confidential business information or personnel records during discovery.

**5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:** None.

**6. Scheduling**

**6.1 Final date for joining additional parties:** September 30, 2026

**6.2 Final date for amending pleadings:** October 14, 2026

**6.3 All fact discovery commenced in time to be completed by:** December 31, 2026

**6.4 All potentially dispositive motions should be filed by:** February 28, 2027

**6.5 Reports from retained experts due:** January 29, 2027 (affirmative reports); March 5, 2027 (responsive reports)

**6.6 Supplementations due:** March 19, 2027

**6.7 All expert discovery commenced in time to be completed by:** April 16, 2027

**6.8 This case may be appropriate for trial in approximately:**

☐ 240 days from the filing of the action in this court

☐ 365 days from the filing of the action in this court

☑ 1,000 days from the filing of the action in this court (365 days from the July 1, 2026 removal of this action from the Court's inactive docket)

**6.9 Suggested date for the Final Pretrial Conference:** June 10, 2027

**6.10 Trial**

**6.10.1 Suggested Date for Trial:** July 2027

**7. Certification of Settlement Authority (All Parties Shall Complete the Certification) – I hereby certify that the following individual(s) have settlement authority.**

**Plaintiffs:**

Arlene Shively
Name

Corporate Counsel, Labor and Employment
Title

341 White Pond Drive, Akron, OH 44320
Address

(330) 612-9859
Daytime Telephone

**Defendant:**

Steven Biehl (*to be contacted through Counsel only*)
Name

Business Manager
Title

75 Pike Street, Middletown, PA 17057
Address

(717) 944-0638
Daytime Telephone

**8. Alternative Dispute Resolution ("ADR")**

**8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

This case has not been assigned to any ADR procedure. The parties have not agreed to use any ADR procedure at this time.

**8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

The parties are willing to discuss mediation or other ADR procedures, and presently believe that mediation may be appropriate after the parties have had an opportunity to conduct discovery on the issues relating to arbitrability of the underlying grievance.

**8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:** N/A

**9. Consent to Jurisdiction by a Magistrate Judge – Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

**All parties agree to jurisdiction by a magistrate judge of this court:** ☐ Y ☑ N

**If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:** N/A

10. **Other Matters – Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.** None.

11. **Identification of Counsel – Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.**

**Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.**

Dated: 9/3/2026

*/s/ Mark E. Belland (with consent)*
Mark E. Belland (PA Bar No. 41728)
**O'Brien, Belland & Bushinsky, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
Telephone: (856) 795-2181
Facsimile: (856) 581-4214
Email: mbelland@obbblaw.com

*Attorney for Defendant International Brotherhood of Electrical Workers, Local Union 777, AFL-CIO*
☑ ECF User
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

*/s/ W. Eric Baisden*
W. Eric Baisden (OH Bar No. 0055763)
Eric M. Flagg (*pro hac vice forthcoming*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: ebaisden@beneschlaw.com
eflagg@beneschlaw.com

*Attorneys for Plaintiffs FirstEnergy Pennsylvania Electric Company, d/b/a Metropolitan Edison Company, and FirstEnergy Services Company*
☑ ECF User
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.